UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TACUMA J. M'WANZA-EL,<br><br>                  Plaintiff,<br><br>    v.<br><br>SCOTT DAVIS et al.,<br><br>                  Defendants. | Case No. 3:19-cv-00679-MMD-WGC<br><br>ORDER |

      Plaintiff Tacuma J. M'wanza-El initiated this action when he was incarcerated with the state[1] and filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has submitted an application to proceed *in forma pauperis*.[2] (ECF No. 1). Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.

      The Court entered a screening order on December 10, 2020. (ECF No. 7). The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 7, 11). The Office of the Attorney General has filed a status report indicating that settlement has not been reached and informing the Court of its intent to proceed with this action. (ECF No. 15).

      For the foregoing reasons, **IT IS ORDERED** that:

      1.    Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Plaintiff shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

---

[1] Plaintiff is currently in the custody of the Washoe County Detention Facility ("WCDF").

[2] Plaintiff filed a motion to compel the WCDF to give him a financial certificate for his application to proceed *in forma pauperis*. (ECF No. 9). The Court denies the motion as moot and accepts the application Plaintiff submitted while he was in state custody.

2. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. Pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Washoe County Detention Facility will forward payments from the account of **Tacuma J. M'wanza-El, #2008814** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  If Plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the WCDF Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702, indicating the amount that Plaintiff has paid toward his filing fee, so that funds may continue to be deducted from Plaintiff's account.  The Clerk shall send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the **WCDF Accounting Supervisor, 911 Parr Blvd, Reno, NV 89512.**

4. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's complaint (ECF No. 8) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet.  This does not indicate acceptance of service.

5. Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

6. Subject to the findings of the screening order (ECF No. 7), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address

information under seal.  As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

7. If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s).  For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

8. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint (ECF No. 8) within sixty (60) days from the date of this order.

9. Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.  If Plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.  However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

10. This case is no longer stayed.

11.   The motion to compel (ECF No. 9) is denied as moot.

DATED: April 9, 2021.

*William G. Cobb*
UNITED STATES MAGISTRATE JUDGE